UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JIN WON LEE, on behalf of himself and
all other persons similarly situated,
known and unknown,

    Plaintiff,

v.

FIRST TEK, INC.,

    Defendant.

Case No. 12-cv-4571

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Defendant First Tek, Inc. ("First Tek") filed a Motion to Dismiss Plaintiff Jin Won Lee's ("Lee") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). In its motion, First Tek seeks to stay this case, pending resolution of a state-court case, pursuant to the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"). For the reasons set forth more fully below, the motion is denied.

## BACKGROUND

On June 12, 2012, Lee filed a two-count Complaint against First Tek on behalf of himself and a purported putative class of similarly situated people, seeking redress for alleged violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The Complaint demands relief in the form of monetary damages, interest, liquidated and punitive damages, and attorneys' fees for Lee and the putative class.

Lee filed the instant action almost one year after First Tek filed a state-court

action against him in New Jersey. On June 29, 2011, First Tek filed a five-count complaint against Lee in Middlesex County, New Jersey. The complaint alleged claims for breach of contract (Count I), tortious interference (Count II), breach of duty of good faith and fair dealing (Count III), unjust enrichment (Count IV), and breach of duty of loyalty (Count V). In an answer dated September 23, 2011, Lee denied all five claims, asserted eight affirmative defenses, and alleged two counterclaims for breach of contract and breach of a covenant of good faith and fair dealing. The state case is still pending and has not been resolved.

In the first affirmative defense, Lee asserted that First Tek's claims were barred by the doctrine of unclean hands because it had violated the "Illinois Wage and Hour Law." Although Illinois does not have a law entitled the "Wage and Hour Law," both parties concede Lee was attempting to reference the IMWL, 820 ILCS § 105/1 *et seq.*, in his first affirmative defense. Based on Lee's reference to the IMWL in his first affirmative defense, First Tek seeks to stay the instant federal case under the *Colorado River* abstention doctrine.

## LEGAL STANDARD

A motion pursuant to Rule 12(b)(1) is an appropriate avenue for raising a *Colorado River* abstention issue. *Beres v. Village of Huntley*, 824 F. Supp. 763, 766 (N.D. Ill. 1992). The party asserting jurisdiction (in this case, Lee) bears the burden of proof that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). In considering a Rule 12(b)(1) motion, all of the well-pleaded allegations in the complaint are accepted as true, and all reasonable inferences are drawn

in favor of Lee, the nonmoving party. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

The *Colorado River* abstention doctrine provides that "a federal court may stay or dismiss a suit in exceptional circumstances when there is a concurrent state proceeding and the stay or dismissal would promote 'wise judicial administration.'" *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992) ("*Caminiti*") (quoting *Colorado River*, 424 U.S. at 818). The Supreme Court "has cautioned that abstention is appropriate only in 'exceptional circumstances,' and has also emphasized that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) ("*AXA Corp.*") (quoting *Colorado River*, 424 U.S. at 813, 817). In determining whether abstention is appropriate, a court's task is "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26, 103 S.Ct. 927 (1983) (emphasis in original) (internal quotations omitted).

Determining whether the *Colorado River* doctrine applies to a particular case is a two-step process. First, a court must inquire as to "whether the concurrent state and federal proceedings are parallel." *Caminiti*, 962 F.2d at 700. If the proceedings are parallel, the next task is to consult ten non-exclusive factors to determine whether the circumstances are exceptional enough to warrant abstention. *Id.* at 701. If the two cases

3

are not parallel, the *Colorado River* doctrine does not apply, and a court never reaches the second step. *See AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) ("*AAR Int'l*").

State and federal proceedings need not be identical to be parallel. Rather, "[s]uits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora." *AAR Int'l*, 250 F.3d at 518. "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." *Id.* (internal quotations omitted). "[A]ny doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction . . . ." *Id.* at 520.

## ANALYSIS

First Tek has not met its burden of showing a substantial likelihood exists that the state case will dispose of all the claims presented in this federal case. Unlike the instant case, the state case does not include any FLSA claims. Additionally, Lee asserted a violation of the IMWL in the state case as a defense and bar to First Tek's claims, not as an affirmative claim. In this case, Lee is seeking unpaid back wages, prejudgment interest, punitive damages and attorneys' fees on behalf of himself and a purported putative class in connection with First Tek's alleged violations of the IMWL. In the state case, Lee is not seeking any affirmative relief under the IMWL. Additionally, because Lee raised the IMWL issue as a defense, it is possible that the state case could be resolved on other grounds and that the state court may never reach the IMWL issue.

In light of the presumption in favor of exercising jurisdiction, and on these facts,

4

abstention is not warranted under the *Colorado River* doctrine. The state and federal cases are not parallel because there is not a substantial likelihood that the state case will resolve Lee's FLSA claims, or his request for affirmative relief under the IMWL. *See TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir. 2005). Further, because the two cases are not parallel, it is not necessary to balance the ten non-exclusive *Colorado River* factors to determine whether the circumstances of this case are exceptional.

## CONCLUSION

First Tek's Motion to Dismiss Lee's Complaint [13] is denied. This case is not parallel to the state case pending in Middlesex County, New Jersey. Therefore, abstention under the *Colorado River* doctrine is not appropriate, and litigation of this case will proceed.

Date: 3-20-13

JOHN W. DARRAH
United States District Court Judge